UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Mark E. Rath, as guardian and next friend of his minor child, I.R., | Civ. No. 24-1740 (PAM/DTS) |
| Plaintiff, | **MEMORANDUM AND ORDER** |
| v. | |
| Independent School District No. 194, | |
| Defendant. | |

This matter is before the Court on Defendant Independent School District No. 194's Motion to Dismiss (Docket No. 7) and Plaintiff Mark E. Rath's Motion for a Preliminary Injunction (Docket No. 14).  For the following reasons, the School District's Motion to Dismiss is granted, and Rath's Motion for a Preliminary Injunction is denied as moot.[1]

**BACKGROUND**

Pro se Plaintiff Mark Rath, who is an attorney, brings this lawsuit as guardian and next friend of his minor daughter, I.R., against Defendant Independent School District No. 194 ("School District"), which is in Lakeville.  In March 2024, due to capacity issues at various schools throughout the School District, the school board redrew the boundaries determining which school students attend based on their home addresses.  (Compl. (Docket No. 1-Ex. A) ¶¶ 11-15, 50.)  I.R. recently completed seventh grade at Century

---

[1]  Due to a Covid-19 quarantine, the Court, with the parties' consent, took the matter under advisement based on the written submissions, without holding a hearing.

Middle School ("Century"). (Id. ¶ 2.) Due to redistricting boundaries, I.R. is one of 41 soon-to-be eighth graders from Century who are scheduled to attend Kenwood Middle School ("Kenwood") in the fall, while 25 students will be moving from Kenwood to Century to attend eighth grade. (Id. ¶¶ 26, 54.)

School board policy allows students to apply for "intra-district enrollment" to attend a school other than their neighborhood school. (Transfer Policy (Docket No. 9-Ex. B) at 1.) That policy also establishes that the School District reserves the right to alter the intra-district enrollment application process. (Id. at 2.) For the 2024-25 school year, the School District is "pausing" the normal policy, and allowing intra-district enrollment for students in only limited circumstances: (1) students who are already enrolled via the policy; (2) incoming students with a sibling already attending that school; (3) children of full-time staff who wish to attend the school at which their parents work; (4) students enrolled in a specific a program at an elementary school; and (5) students entering high school. (School District Website (Docket No. 9-Ex. A) at 4.) Rath does not claim that I.R. qualifies for any of the limited exceptions to the transfer policy.

The Complaint alleges that the School District violated his and I.R.'s rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution and to the Equal Protection Clauses of both the United States Constitution and the Minnesota Constitution, and Rath seeks relief under 42 U.S.C. § 1983.

**ANALYSIS**

To survive a motion to dismiss under Rule 12(b)(6), a complaint need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Fed. R. Civ. P. 12(b)(6). A claim bears facial plausibility when it allows the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When evaluating a motion to dismiss under Rule 12(b)(6), the Court must accept plausible factual allegations as true. Gomez v. Wells Fargo Bank, N.A., 676 F.3d 655, 660 (8th Cir. 2012).

### A. Section 1983 Claim

To state a claim under § 1983, Rath must establish that the School District deprived him of a right secured by the Constitution or laws of the United States and that the deprivation was committed under color of state law. Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). Although the Constitution protects the right to a public education, Minnesota law expressly states that "[a]ttendance at a particular public school is a privilege not a right for a pupil." Minn. Stat. § 120A.36. In the Complaint, Rath acknowledges that I.R. will be "displaced" to Kenwood, not that she will be deprived of her right to attend a public school. (Compl. ¶ 12.) Indeed, attending the public school of a one's choice is "not a right" under Minnesota law. J.K. ex rel. Kaplan v. Minneapolis Pub. Sch., 849 F. Supp. 2d 865, 870 (D. Minn. 2011) (Schiltz, J.) (quoting Minn. Stat. § 120A.36). Thus, Rath fails to state a claim under § 1983, as he does not allege that he or I.R. were deprived of any constitutional right on which to base his equal-protection and due-process claims.

**B.     Equal Protection – Class of One**

"The threshold inquiry in an equal protection case is whether the plaintiff is similarly situated to others who allegedly received preferential treatment." Domina v. Van Pelt, 235 F.3d 1091, 1099 (8th Cir. 2000) (citations omitted). "To be similarly situated for purposes of a class-of-one equal-protection claim, the persons alleged to have been treated more favorably must be identical or directly comparable to the plaintiff in all material respects." Reget v. City of La Crosse, 595 F.3d 691, 695 (7th Cir. 2010) (citations omitted). "A class-of-one plaintiff must . . . provide a specific and detailed account of the nature of the preferred treatment of the favored class, especially when the state actors exercise broad discretion to balance a number of legitimate considerations." Nolan v. Thompson, 521 F.3d 983, 990 (8th Cir. 2008) (internal quotation omitted). Additionally, the plaintiff must allege that there is "no rational basis for the difference in treatment." Robbins v. Becker, 794 F.3d 988, 995 (8th Cir. 2015) (quoting Vill. of Willowbrook, 528 U.S. 562, 564 (2000)).

Here, Rath fails to identify another similarly situated student who, like I.R., does not fit within any of the exceptions to the transfer policy, yet received different treatment than she did. Moreover, Rath does not plead facts supporting any intentional discrimination targeting him or I.R. Rather, Rath impliedly acknowledges in the Complaint that other seventh grade students are similarly affected by the School District's policy as they, like I.R., will be transferring to Kenwood for eighth grade, undercutting Rath's class-of-one claim. (See, e.g., Compl. ¶ 20 (alleging that the School

4

District's actions "effectively preclud[e] Plaintiff's 7th grader and others from continuing to attend Century for 8th grade").)

Rath further asserts that I.R.'s equal-protection rights have been violated by the redistricting policy, claiming that it runs afoul of the Minnesota Constitution, which states that it is the "duty of the legislature to establish a general and uniform system of public schools." Minn. Const. art. VIII, § 1. But Rath provides no legal support for his theory that a "uniform" education requires that I.R. attend the same school that she has previously or the school of her choice. "[U]niform system of public schools" clearly means that schools throughout Minnesota must provide a consistent education and not that I.R. is entitled to attend a particular school. See J.K. ex rel. Kaplan, 849 F. Supp. 2d at 870; Curryer v. Merrill, 25 Minn. 1, 6-7 (1878). Rath claims that at Kenwood, I.R. will not have "the same extracurricular opportunities" (Compl. ¶ 2), yet Rath fails to plead any facts even suggesting that the education I.R. would receive at Kenwood would not be "uniform" to that which she received at Century. As a result, the equal-protection claim must be dismissed.

C.      **Due Process**

For a procedural due-process claim to survive a motion to dismiss, a plaintiff must plausibly plead that the defendant deprived him of a life, liberty, or property interest that the Fourteenth Amendment protects. Hughes v. City of Cedar Rapids, Iowa, 840 F.3d 987, 994 (8th Cir. 2016) (citation omitted). A plaintiff must also plead that such deprivation occurred without "the opportunity to be heard at a meaningful time and in a meaningful manner." Schmidt v. Des Moines Pub. Sch., 655 F.3d 811, 817 (8th Cir.

5

2011) (quoting Clark v. Kan. City Mo. Sch. Dist., 375 F.3d 698, 702 (8th Cir. 2004)). Property interests are generally created by state law, and the United States Constitution will "protect[] a person's state-created property interest only if the person has a 'legitimate claim of entitlement' under state law to that interest." J.K. ex rel. Kaplan, 849 F. Supp. 2d 865 at 871 (quoting Goss v. Lopez, 419 U.S. 565, 573 (1975)). Certainly, Minnesota students have a property interest in obtaining a public education. In re Expulsion of N.Y.B., 750 N.W.2d 318, 327 (Minn. Ct. App. 2008).

Rath alleges that his and I.R.'s procedural due-process rights were violated because the School District "failed to provide any meaningful mechanism by which a public[-]school student was notified and afforded an opportunity to be heard regarding the suspension of intra-district transfers."[2] (Compl. ¶ 88.) As described above, Rath does not allege that I.R. would be deprived of a public education, as the pleadings merely explain that I.R. will not be able to attend her preferred public school. Therefore, I.R. will not be deprived of any property interest, even assuming the School District poorly communicated the policy suspension to families and students.

Even if Rath had identified a deprivation of any constitutionally protected right, he fails to plead sufficient facts supporting his allegation that the School District denied him an adequate process such as a hearing or other opportunity for review. Indeed, the School District has broad authority to alter the transfer policy to serve its best interests, which is consistent with the statutory grant of authority to school boards. (Transfer

---

[2] Although Plaintiff mentions substantive due process in the Complaint, he does not articulate such a claim in the Complaint.

6

Policy at 2; see Minn. Stat. § 123B.02, subd. 1 ("The board must have the general charge of the business of the district, the school houses, and of the interests of the schools thereof.").)  Given the absence of facts that could plausibly support Rath's due-process claim, that claim must also be dismissed.

Because the Court grants the School District's Motion to Dismiss, the Court need not discuss Rath's Motion for a Preliminary Injunction and will deny it as moot.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1. Plaintiff Mark Rath's Motion for a Preliminary Injunction (Docket No. 14) is **DENIED as moot**; and

2. Defendant Independent School District No. 194's Motion to Dismiss (Docket No. 7) is **GRANTED** and this matter is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: July 22, 2024

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge